FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAR 28 P 2: 1⁷

CLERK _____
SO. DIST. OF GA

AHMAD ADAMS,           :

          Petitioner,  :

     vs.               :          CIVIL ACTION NO.: CV212-203

SUZANNE R. HASTINGS,   :

          Respondent.  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ahmad Adams ("Adams"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Adams filed a Traverse. For the reasons which follow, Adams' petition should be **DENIED**.

## STATEMENT OF THE CASE

Adams is serving an aggregate 180 month sentence after he was convicted of two (2) counts of using or carrying one or more firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). He has a projected release date of July 25, 2021. (Doc. No. 8-1, pp. 1-4).

While housed at the Federal Correctional Complex in Tucson, Arizona, ("FCC Tucson"), Adams was charged with fighting with another inmate, a Code 201 violation.

After a hearing, Adams was found guilty of the charged offense and received: 14 days' disciplinary segregation, disallowance of 14 days' good conduct time, forfeiture of 10 days' good conduct time, and loss of the commissary for 180 days. (Doc. No. 8, p. 5).

Adams asserts that he did not receive a fair and impartial hearing. Adams also asserts that he was denied the opportunity to review documents the hearing officer used to make his final determination. Respondent contends that Adams was given all of the protections due to him during his disciplinary proceedings.

## DISCUSSION AND CITATION TO AUTHORITY

Adams contends that he was denied good time credits erroneously without due process during the disciplinary hearing process. Adams also contends that he was not afforded a fair and impartial disciplinary hearing, particularly in light of his inability to present evidence to support his claim that he acted in self-defense. Adams asserts that the disciplinary hearing officer ("DHO") did not provide him with copies of all of the materials he relied on in making his determination that Adams was guilty of the charged offense. Adams alleges that these materials would have supported his defense, and the DHO did not provide these materials to him. Adams also alleges that he was not permitted to call a witness, Officer Stewart, during the disciplinary hearing.

Respondent asserts that all of the Wolff v. McDonnell, 418 U.S. 539 (1974), factors were met during Adams' disciplinary proceedings. Respondent avers that Adams was given proper notice on April 20, 2011, of the April 29, 2011, hearing. Respondent alleges that Adams did not name any witnesses—staff or inmate—he wished to call in his defense, nor did he request or mention any documents he wished to present. Respondent also alleges that the DHO gave a detailed account of the facts

AO 72A
(Rev. 8/82)

presented and concluded that Adams committed the prohibited act based on the greater weight of the evidence. Finally, Respondent alleges that there is some evidence in the record to support the DHO's findings.

Prisoners may not be deprived of statutory "good-time credits" without the minimum requirements of procedural due process. Wolff, 418 U.S. at 558. Constitutionally adequate process requires compliance with the minimum due process protections afforded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Id. at 563-66. In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. Superintendent, Mass. Corr'l Inst. v. Hill, 472 U.S. 445, 455 (1985). The determination as to whether this standard is satisfied requires an inquiry into "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Id. (emphasis added).

Adams was charged on April 17, 2011, with fighting with another inmate on April 16, 2011. Adams received notification of this charge and the hearing on April 20, 2011. (Doc. No. 8-1, pp. 6-7). Adams also received a notice of his rights at the disciplinary hearing, including the right to: have a written copy of the charges against him at least 24 hours before his hearing; have a full-time member of the staff to represent him during the hearing; call witnesses or present written statements and documentary evidence;

3

and be advised of the DHO's decision in writing. (Id. at p. 7). Adams indicated that he did not wish to have a staff representative or any witnesses at this hearing. (Id. at p. 6).

Adams' disciplinary hearing was conducted on April 29, 2011. (Id. at p. 9). DHO Petricka found that Adams was guilty of the 201 offense as charged. In so doing, DHO Petricka relied on Officer Arandules' written account of the incident involving Adams and inmate Shaw. DHO Petricka also considered Adams' statements during the hearing that no one threw a punch and that he (Adams) was holding down Shaw to get the knife away from him. However, DHO Petricka noted that Adams' statements at the hearing were different than an earlier statement he made that Shaw called Adams over to him and then threw a punch. DHO Petricka determined that Adams' inconsistencies detracted from his credibility. DHO Petricka noted that several staff members stated in memoranda they saw Adams and Shaw exchanging closed-fists punches with each other. Finally, DHO Petricka noted that photographs and injury assessments were consistent with Adams and Shaw having been involved in a fight. DHO Petricka found that, based on the greater weight of the evidence, Adams committed the prohibited act of fighting with another person, a code 201 violation. (Doc. No. 8-1, p. 9). A copy of the DHO's findings was provided to Adams. (Id. at p. 10).

Adams' disciplinary hearing was conducted on April 29, 2011, and he was notified of the charge against him on April 20, 2011, which was more than 24 hours prior to the hearing. Thus, the first Wolff factor was met. The second Wolff factor was met on April 20, 2011, when Adams was made aware of his right to call witnesses and present documentary evidence. Additionally, the third Wolff factor was met when Adams received written notice of the DHO's decision. Finally, a review of the DHO's

AO 72A
(Rev. 8/82)

findings reveals that there is "some evidence" to support the finding that Adams committed the Code 201 violation. DHO Petricka made his findings based on statements from officers and Adams, as well as photographs and injury assessments of Adams and Shaw. Accordingly, Adams received all of the due process protections afforded him during his disciplinary proceedings, and his contentions to the contrary are without merit.

Adams' assertion that he was not provided with documentary evidence which would have supported his defense appears to be based on Brady v. Maryland, 373 U.S. 83 (1963), which stands for the proposition that "favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Banks v. Dretke, 540 U.S. 668, 698 (2004).[1] However, the Eleventh Circuit has not determined that Brady principles extend to prison disciplinary hearings. Kenney v. Barron, 239 F. App'x 494, 495 (11th Cir. 2007). In addition, even if Brady principles applied to disciplinary proceedings, there is nothing before the Court which indicates that, had Adams been given access to certain documentary evidence, the outcome of the disciplinary proceeding would have been any different. This assertion is without merit.

---

[1] To establish a Brady violation, a criminal defendant "must prove that: (1) the government possessed evidence favorable to the defense; (2) the defendant did not possess the evidence and could not obtain it with any reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceeding would have been different had the evidence been disclosed to the defense." Moon v. Head, 285 F.3d 1301, 1308 (11th Cir. 2002).

5

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Adams' petition, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)